UNITED STATES of America,
Plaintiff–Appellee,

v.

Ghugas YAMUKIAN, Defendant–
Appellant.

No. 98–50260.

D.C. No. CR–97–00391–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2001.*

Decided Nov. 27, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.   R.App. P. 34(a)(2).

Before BRIGHT,** KOZINSKI, and W. FLETCHER, Circuit Judges.

### MEMORANDUM ***

Ghugas Yamukian was convicted by a jury of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and four counts of mail fraud, in violation of 18 U.S.C. § 1341. The government alleged that between March and June of 1995 Yamukian, who owned and operated a gas station, conspired with others to evade California state fuel excise taxes. He was prosecuted for using the United States mail to file forms with the State of California on which he misrepresented the amount of diesel fuel he sold and the taxes

due the state. The district court sentenced him to five concurrent terms of eighteen months imprisonment, three years supervised release, and full restitution of unpaid taxes. Yamukian now appeals, asserting that the trial court erred by admitting evidence that in August 1995 he purchased jet fuel but did not report the purchases to the state as required.[1] We reject his contentions and affirm.

Yamukian objected to, and moved to exclude, evidence submitted by the government that in August 1995 he failed to report several jet fuel purchases from a federal undercover oil company, pursuant to Federal Rule of Evidence 404(b).[2] The government argued that the court should admit the evidence because it related to Yamukian's knowledge, intent, preparation, plan, and absence of mistake regarding the earlier fuel sales. The trial court denied the motion, but limited the use of the evidence to issues of intent and absence of mistake. The government introduced the evidence at trial and argued that Yamukian's attempts to evade fuel excise taxes in August 1995 demonstrated that Yamukian did not have an innocent state of mind during the earlier March to June period.

We review the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Corona*, 34 F.3d 876, 881 (9th Cir.1994). Such evidence of other acts by the defendant is admissible

---

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Yamukian's alleged surreptitious purchase of jet fuel is significant because jet fuel had a much lower fuel excise tax than diesel fuel. Thus, a diesel gas retailer could evade full payment of the tax by mixing jet fuel, which is not meant for use in highway motor vehicles, with diesel fuel.

2. Federal Rules of Evidence 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

when: (1) sufficient evidence exists for the jury to find that the defendant committed the other acts; (2) the other acts are introduced to prove a material issue in the case; (3) the other acts are not too remote in time; and (4) if admitted to prove intent, the other acts are similar to the offense charged. *United States v. Murillo,* 255 F.3d 1169, 1175 (9th Cir.2001).

We reject Yamukian's argument that the first prong of this test was not satisfied. The government showed that he ordered the jet fuel. Evidence showed that in August 1995 Yamukian's station received, but did not report, six loads of jet fuel totaling over 40,000 gallons from the federal undercover oil company. Yamukian testified under oath at the trial of a co-conspirator that he was the only person who ordered fuel for his station.

We also reject Yamukian's argument that the probative value of the jet fuel evidence is substantially outweighed by the danger of unfair prejudice because this evidence was probative of Yamukian's intent to evade fuel excise taxes. Moreover, the trial court's cautionary instructions to the jury prevented any unfair prejudice.

Finally, Yamukian argues that the district court precluded him from presenting his defense by excluding unspecified evidence regarding a co-conspirator. We reject this argument because Yamukian does not indicate where in the record he made the offer of proof required under Federal Rules of Evidence 103(a)(2), nor does he comply with the requirement in Ninth Circuit Rule 28-2.8 that he support his assertion with citations to the record.

We therefore AFFIRM Yamukian's convictions.